IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-358-BR

| | |
|---|---|
| GAIL S. ARCHBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| R. JAMES NICHOLSON, Secretary of ) | |
| Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

This case comes before the court on the motion for summary judgment by defendant R. James Nicholson, Secretary of Veterans Affairs ("defendant") (D.E. 14) pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Gail Archbell ("plaintiff") opposes the motion. In addition to memoranda, both parties have filed declarations and other evidentiary materials. (D.E. 15, 20, 25). The motion was referred to the undersigned Magistrate Judge for review and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it will be recommended that defendant's motion be allowed.

## BACKGROUND

Plaintiff commenced this employment discrimination action pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA") and Title VII of the Civil Rights Act ("Title VII"). (Compl. (D.E. 1) ¶1). Defendant is the Secretary of Veterans Affairs and has responsibility for the Veterans Affairs Medical Center ("VAMC") in Fayetteville, North Carolina where plaintiff is employed. (*Id.* ¶ 3). Plaintiff claims that she was discriminated against on the basis of her age and her prior protected EEO activity when she was not selected for an open position at the VAMC for

Lead Diagnostic Radiologic Technologist ("LDRT"). (*Id.* ¶¶ 7-9). The specific facts underlying plaintiff's claims include the following:

Plaintiff was 57 years old at the time of the acts complained about in her complaint. (2008 Dec. of Pl. (D.E. 20) at 7 of 10, ¶ 3). She worked as a Registered Diagnostic Radiology Technologist ("RDT") at VAMC for twenty-six years. (*Id.*). On 31 May 2005, Melissa Strickland ("Strickland"), the acting LDRT, went on maternity leave. (*Id.* ¶ 4). Another RDT, April Lewis ("Lewis"), was placed into the "acting" LDRT position while Strickland was on leave. (*Id.* ¶ 5). At that time, Lewis had 2 years of experience at VAMC and was 25 years old. (*Id.* ¶ 7). Strickland's leave was scheduled to last until the end of August 2005. (*Id.* ¶ 4). On 12 August 2005, however, Strickland unexpectedly resigned and her position was vacant. (*Id.* ¶ 4).

The two individuals making the hiring decision for the newly vacated position of LDRT were Tillette Johnson ("Johnson"), Radiology Manager, and Dr. Steven Arle ("Arle"), Chief of Radiology. (*See* Dec. of Pl. (D.E. 15-2), ans. 3; Dec. of Johnson (D.E. 15-4), ans. 4; Dec. of Arle (D.E. 15-5), ans. 4).[1] Plaintiff and Lewis were the only two applicants for the position. (Dec. of Pl., ans. 5, 12; Dec. of Johnson, ans. 6, 13; Dec. of Arle, ans. 13). Both submitted written documentation containing their qualifications for the position. (D.E. 15-6, 15-7). No interviews were conducted since both applicants were well known to Johnson and Arle. (Dec. of Pl., ans. 11; Dec. of Johnson, ans. 12; Dec. of Arle, ans. 12). Lewis was offered the position. (Dec. of Pl., ans. 5; Dec. of Johnson, ans. 6, 13; Dec. of Arle, ans. 6).

---

[1] The court is referring to the cited documents as declarations, rather than affidavits, because they state they are made under penalty of perjury and, although they also state they are made under oath, there is no notarial certification for the oath. *See* 28 U.S.C. § 1746(2) (declarations under penalty of perjury have same effect as sworn affidavits). The court also notes that the declarations are formatted as questionnaires. Citation is therefore made to the number for the question and answer being referenced.

Plaintiff thereafter commenced this action contending that she was not hired as LDRT because of her age. (Compl. ¶ 8). She further maintains that past EEO complaints she filed were also factors in the decision not to promote her to LDRT. (*Id.* ¶ 9). Defendant denies plaintiff's allegations (*see* Ans. (D.E. 6)) and moves for summary judgment on the grounds that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law.

## DISCUSSION

### I. STANDARD OF REVIEW

#### A. Summary Judgment Standard

It is well established that a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In analyzing whether there is a genuine issue of material fact, all facts and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996).

The burden is on the moving party to establish the absence of genuine issues of material fact and "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323; *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."). If the movant meets its burden, then the non-moving party must provide the court with specific facts demonstrating a genuine issue for trial in order to survive summary

3

judgment. *Celotex*, 477 U.S. at 323. The non-moving party is not permitted to rest on conclusory allegations or denials, and a "mere scintilla of evidence" will not be considered sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In employment discrimination cases, "[t]o overcome a summary judgment motion based upon direct or indirect evidence of discrimination, the plaintiff must produce direct evidence of a stated purpose to discriminate and/or [indirect] evidence of sufficient probative force to reflect a genuine issue of material fact." *Shelton v. Charlotte-Mecklenburg Hosp. Auth.*, No. 3:05CV520-H, 2006 WL 3454859, at *4 (W.D.N.C. 29 Nov. 2006) (internal citations omitted). The Supreme Court has held that trial courts should not analyze discrimination claims any differently than other ultimate questions of fact for purposes of a summary judgment analysis, *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), although "[c]ourts take special care when considering summary judgment in employment discrimination cases because states of mind and motives are often crucial issues." *Curry v. Guardian Indus. Corp.*, No. 05:2054-JFA-JRM, 2007 WL 172510, at *3 (D.S.C. 18 Jan. 2007). With this standard in mind, the court now turns to the burden-shifting analysis developed by the courts for discrimination cases.

### B. *McDonnell Douglas* Framework

Title VII makes it an "unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Similarly, the ADEA specifically prohibits discrimination on the basis of a person's age. 29 U.S.C. §§ 621 *et seq*. A plaintiff can pursue a claim for employment discrimination pursuant to either of these statutes by producing either direct evidence or circumstantial evidence that

4

raises a genuine issue of material fact that an employer's actions were motivated by discriminatory intentions. *Rishel v. Nationwide Mut. Ins. Co.*, 297 F. Supp. 2d 854, 859-60 (M.D.N.C. 2003) ("To prove his claims, Plaintiff may rely on direct evidence, indirect evidence, or a combination of both direct and indirect evidence."). In the absence of direct evidence of animus based on age, as here, the court analyzes a claim of employment discrimination under the burden-shifting standard of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny. *Rishel*, 297 F. Supp. 2d at 860 ("In this case, Plaintiff has only offered indirect evidence of discrimination. Therefore, under the traditional principles of federal employment-discrimination law, Plaintiff must use the three-step indirect method of proof established by the Supreme Court in *McDonnell Douglas*.").

Under the *McDonnell Douglas* framework, in order to make a *prima facie* showing of failure to promote based on age, a plaintiff must allege sufficient facts to show that: (1) plaintiff belongs to a protected class; (2) plaintiff applied and was qualified for a job for which the employer was seeking applicants; (3) despite plaintiff's qualifications, plaintiff was rejected for the position; and (4) the position remained open or a person outside of plaintiff's protected group was selected for the position. *Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006). The burden of establishing a *prima facie* case is not an onerous one. *Evans*, 80 F.3d at 960.

Once a plaintiff has made the *prima facie* showing, he or she has established a rebuttable presumption of unlawful discrimination. *McDonnell Douglas*, 411 U.S. at 802; *Evans*, 80 F.3d at 959. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the action. *Evans*, 80 F.3d at 959. If the employer can establish a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff to show that the legitimate reason offered by the defendant was a pretext for discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248,

5

253 (1981); *Gillins v. Berkeley Elec. Coop., Inc.*, 148 F.3d 413, 415-17 (4th Cir. 1998). Pretext can be established with evidence that the employer's explanation for an employment decision is "unworthy of credence" or is false. *Reeves*, 530 U.S. at 147. To survive summary judgment, the plaintiff must establish the presence of issues of fact as to whether the defendant's explanation is pretextual. *See Burdine*, 450 U.S. at 255 n.10.

## II. PLAINTIFF'S AGE DISCRIMINATION CLAIM

### A. Plaintiff's *Prima Facie* Case

Applying the foregoing principles, to establish her *prima facie* case plaintiff must show that she was a member of a protected class, that she applied and was qualified for the LDRT position and was rejected, and that a younger person was selected for the position. Each of these requirements is examined below.

Plaintiff has satisfied the first requirement that she belong to a protected class. Anyone over 40 years of age is a member of a protected class under the ADEA. 29 U.S.C. § 631(a). In satisfaction of the second requirement, plaintiff has shown and it is not disputed that she applied for the LDRT position and was qualified for the position. Despite her qualifications, she was not selected. As to the final requirement for the *prima facie* case, plaintiff has established that Lewis was less than 40 years old when selected. Therefore, having satisfied each of the requirements, plaintiff has adequately stated a *prima facie* case of discrimination on the basis of age for purposes of summary judgment.

6

B.  **Defendant's Showing of Legitimate Non-Discriminatory Reasons**

The burden now shifts to defendant to come forward with legitimate non-discriminatory reasons for failing to select plaintiff for the open position. Defendant points to two main reasons for selecting Lewis over plaintiff.

First, defendant contends that Lewis better exhibited the leadership qualities which were required by the position. Johnson noted that Lewis volunteered to learn additional duties and performed as the "acting" LDRT for several months without recognition or compensation. (*See* Dec. of Johnson, ans. 6). Arle found that Lewis demonstrated natural leadership ability which was respected by the other technicians. (Dec. of Arle, ans. 7). In contrast, plaintiff was observed to have less motivation and drive than Lewis. (*Id.*, ans. 19). Both Arle and Johnson noted that during plaintiff's tenure at the VAMC, she did not cultivate leadership skills or readily accept new responsibilities. (Dec. of Johnson, ans. 22, 24; Dec. of Arle, ans. 22, 24).

Second, defendant notes that the application materials submitted by plaintiff and Lewis weighed in favor of choosing Lewis. Plaintiff submitted a one-page letter entitled, "Knowledge, Skills & Abilities" (*see* D.E. 15-6), whereas Lewis's application materials were more thorough and included a detailed and comprehensive narrative of her experience, responsibilities, and qualifications for the open position (*see* D.E. 15-7 at 1-6).

Each of these non-discriminatory reasons advanced by defendant for the reasons Lewis was selected over plaintiff are supported by evidence of record, as variously cited herein. The court therefore finds that defendant has presented sufficient evidence to show for purposes of summary judgment that there were legitimate non-discriminatory reasons for the failure to hire plaintiff for the vacant position.

C.  **Plaintiff's Showing of Pretext**

Given that defendant has put forth legitimate, non-discriminatory reasons for plaintiff's failure to be promoted, plaintiff must present evidence that each of the reasons proffered was pretextual and that discrimination was the real motivation for defendant's actions. Plaintiff has failed to make this showing.

Plaintiff rests largely on her seniority and length of service to urge a finding of pretext. The mere fact alone that plaintiff was older than Lewis and worked there longer, however, does not automatically establish pretext. *Autry v. N.C. Dep't of Human Res.*, 820 F.2d 1384, 1386 (4th Cir. 1987) ("In other words, she would have to show that she was not promoted *because of* her race, not that she was a member of the black race *and* was not promoted.") (emphasis in original) ; *Venable v. Apfel*, 19 F. Supp. 2d 455, 465 (M.D.N.C. 1998) ("[T]he Fourth Circuit has clearly held that in determining whether an employer engaged in intentional discrimination, 'the mere fact of replacement by a younger employee is not dispositive of age discrimination.'") (quoting *Halperin v. Abacus Technology Corp.*, 128 F.3d 191, 202 (4th Cir.1997)). An employer is not required to make every hiring decision based solely on one criterion (*i.e.*, years of experience) and is free to set its own criteria for making employment decisions. *See Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005) ("[Plaintiff] cannot establish her own criteria for judging her qualifications for the promotion. She must compete for the promotion based on the qualifications established by her employer."). Here, both Johnson and Arle indicated that leadership skills were required for the LDRT position and that Lewis's demonstrated leadership skills surpassed plaintiff's.

In addition, plaintiff argues that Lewis was given the "acting" position during Strickland's maternity leave in order to provide a better defense to a discrimination charge if Lewis was selected

8

for the position. This argument, however, is undercut by plaintiff's own repeated admissions that Strickland's resignation was unexpected and surprising.[2]

Finally, plaintiff argues that Lewis was groomed by management and given opportunities that plaintiff was denied. Fatal to plaintiff's argument, however, is the absence of any evidence that Lewis was favored by management (and conversely, that plaintiff was not) *because of* age. *Anderson*, 406 F.3d at 271 ("The argument that a supervisor may have preselected an employee for a promotion 'is not sufficient evidence for jurors reasonably to conclude' that the defendants' explanation for hiring [another candidate] was pretext.") (quoting *Mackey v. Shalala*, 360 F.3d 463, 468-69 (4th Cir. 2004)). This critical link is lacking and precludes plaintiff from establishing pretext. No other probative evidence of discriminatory animus has been presented.

Based on the foregoing evidence and taking the facts in the light most favorable to plaintiff, the court finds that plaintiff has failed to establish that a jury could reasonably conclude that the reasons advanced by defendant for the decision to promote Lewis were a pretext and that such promotion was instead the result of impermissible age discrimination. Therefore, defendant's motion for summary judgment on plaintiff's age discrimination claim should be allowed.

---

[2] *See, e.g.*, Dec. of Pl., ans. 18 ("April Lewis was only supposed to fill in for the Acting Lead Tech, Melissa Strickland, while she was on maternity leave. This leave was scheduled for May 31, 2005 until Melissa returned on August 22, 2005. However, Melissa did not want to leave her son and resigned on August 12, 2005 "); *Id.*, ans. 24 ("When Melissa surprisingly resigned August 12, 2005, the position was open and April got the job."); Pl.'s Compl. of Employ. Discrim. (D.E. 15-9) at 2 of 7 ("Two weeks before Melissa was to return to work, she came to Radiology with her son and announced to Tillette Johnson (Manager) she was giving her notice to resign. Tillette tried to persuade her to come back at 1st part time and see how she and her son adapted. Melissa still said no."); *Id.* at 5 of 7 ("When Melissa surprisingly gave her 2 week notice on 8-5-05, she was due to return to work on 8-22-05."); Pl.'s Mem. (D.E. 20) at 3 of 10 ("After the Acting Lead Radiologic Diagnostic Technologist, Melissa Strickland, took maternity leave on May 31, 2005 which was to last until August 31, 2005, she unexpectedly resigned on August 12, 2005 and a vacancy occurred.").

## III. PLAINTIFF'S RETALIATION CLAIM

As with her claim of age discrimination, the *McDonnell Douglas* framework is also applied to plaintiff's claim of retaliation. *See Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 650 (4th Cir. 2002). A *prima facie* case of retaliation is established where a plaintiff has demonstrated that: (1) he or she engaged in protected activity; (2) an adverse employment action was taken; and (3) there was a causal link between the protected activity and the adverse action. *McNairn v. Sullivan*, 929 F.2d 974, 980 (4th Cir. 1991). As with ADEA claims, once the plaintiff establishes a *prima facie* case of retaliation, the rest of the *McDonnell Douglas* test is applied and the court analyzes whether the employer has produced a legitimate, non-discriminatory reason for the employee's non-selection and, if so, whether the employee can show that the reason is pretextual. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 651 (4th Cir. 2007) ("The [burden shifting part] of the *McDonnell Douglas* analysis for [the plaintiff's] retaliation claim proceeds as it did under her discrimination claim.").

Here, while plaintiff has alleged that she engaged in prior protected activity, she has wholly failed to establish a causal link between the protected activity and her failure to be promoted to the LDRT position. A causal connection may be found to exist where there is evidence that the employer knew of the protected activity, as well as by showing a close proximity in time between the protected activity and the adverse event. *See Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994). Here, plaintiff has not adequately established any awareness by the decision makers of her prior protected activity or any close temporal connection between that activity and her failure to be promoted.

10

Moreover, even if the court were to find that plaintiff had satisfied her *prima facie* case of retaliation, for the reasons set forth above, defendant has advanced legitimate non-discriminatory reasons for the decision to promote Lewis. Even taking the facts in the light most favorable to plaintiff, she has not provided any evidence that the reasons proffered by defendant were pretextual. Therefore, defendant's motion for summary judgment on plaintiff's retaliation claim should also be allowed.

## CONCLUSION

For the foregoing reasons, there is no genuine issue as to any material fact, and defendant is entitled to judgment as a matter of law, pursuant to Fed. R. Civ. P. 56(c). It is therefore RECOMMENDED that defendant's motion for summary judgment be ALLOWED, and judgment be entered DISMISSING this case with prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days, or such other period as the court specifies, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This 22nd day of May, 2009.

James E. Gates
United States Magistrate Judge