UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:07-CV-00358-BR

| | | |
|---|---|---|
| GAIL S. ARCHBELL | ) | |
|         Plaintiff | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| R. JAMES NICHOLSON | ) | |
|         Defendant | ) | |

This matter is before the court on the 26 May 2009 Memorandum and Recommendation ("M&R") of Magistrate Judge James E. Gates. Plaintiff filed objections to the M&R on 12 June 2009.

Judge Gates recommends in this employment discrimination case that Defendant's motion for summary judgment be allowed. Plaintiff makes two objections to the M&R.

In addressing Plaintiff's objections, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983).

Plaintiff's first objection can best be characterized as challenging Judge Gates' finding that the selection of Plaintiff's colleague, April Lewis, as the "acting" Lead Diagnostic Radiologic Technologist ("LDRT") and Lewis' "grooming" by management for ultimate selection as LDRT did not serve as pretext for age discrimination. "[A] reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that

discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752 (1993) (emphasis omitted).

Lewis was named "acting" LDRT while the LDRT, Melissa Strickland, was on maternity leave. However, prior to returning from maternity leave, Strickland abruptly resigned, and Lewis was chosen for the position. Substantial evidence in the record, including Plaintiff's own statements, indicates that Strickland's resignation was not expected. Consequently, the selection of Lewis as the "acting" LDRT did not serve as a basis for subsequent age discrimination, because at the time Lewis was chosen as "acting" LDRT, the regular position was unavailable. Further, Plaintiff has put forth no evidence to show that discrimination was the reason for Lewis' hiring and Plaintiff's non-selection. *See id.*

Next, Plaintiff contends that she established a *prima facie* case of retaliation because one of the two people charged with selecting the new LDRT, Tillette Johnson, knew that Plaintiff had previously engaged in protected activity. To establish a *prima facie* case of retaliation, Plaintiff must show a causal link between the protected activity and the adverse action. *See McNairn v. Sullivan*, 929 F.2d 974, 980 (4th Cir. 1991). Evidence that the employer had knowledge of the protected activity and a showing of temporal proximity between the protected activity and the adverse action may establish a causal connection. *See Carter v. Ball*, 33 F.3d 450, 460 (4th Cir. 1994).

While Plaintiff may have engaged in prior protected activity, no evidence in the record demonstrates that Johnson was aware of it. Further, Plaintiff has shown no evidence of protected activity other than an Equal Employment Opportunity complaint in 1985. This protected activity and the adverse action occurring in 2005 are too temporally remote to constitute a causal link.

*See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a *prima facie* case uniformly hold that the temporal proximity must be 'very close.'" (citations omitted)).

For the foregoing reasons and as set forth in the M&R, Defendant's motion for summary judgment is ALLOWED and this case is DISMISSED.

This 13 July 2009.

                                  W. Earl Britt
                                  Senior U.S. District Judge

3